UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-cv-23234-KING

BORIS GITTEL and BIRGITTA GITTEL,
individually, and as parents and legal
guardians of ANNA GITTEL, a minor,

    Plaintiffs,

vs.

CARNIVAL CORPORATION d/b/a
CARNIVAL CRUISE LINES, a foreign
corporation, and ALAE BRAND, M.D.,

    Defendants.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CARNIVAL CORPORATION'S MOTION TO DISMISS

THIS CAUSE comes before the Court upon Defendant Carnival Corporation's Motion to Dismiss (DE 13). Carnival attacks the sufficiency of Counts I–IV of Plaintiffs' Complaint, which allege negligence under various theories, arising out of injuries Plaintiffs allegedly suffered onboard the cruise ship Carnival Glory. The Court takes Plaintiffs' allegations as true, and evaluates Carnival's Motion to Dismiss under Federal Rule of Civil Procedure 8 and *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009):

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555,

127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).

### Count I—Negligence Against Carnival

In Count I, Plaintiffs allege negligence against Carnival arising out of Plaintiff Anna Gittel's collision with the protruding, pointed edge of a passageway. This claim is governed by the following standards:

> "In analyzing a maritime tort case, we rely on general principles of negligence law." *Daigle v. Point Landing, Inc.,* 616 F.2d 825, 827 (5th Cir.1980). To plead negligence, a plaintiff must allege that (1) the defendant had a duty to protect the plaintiff from a particular injury; (2) the defendant breached that duty; (3) the breach actually and proximately caused the plaintiff's injury; and (4) the plaintiff suffered actual harm.

*Chaparro v. Carnival Corp.,* 693 F.3d 1333, 1336 (11th Cir. 2012) (footnote omitted). "[T]he benchmark against which a shipowner's behavior must be measured is ordinary reasonable care under the circumstances." *Keefe v. Bahama Cruise Line, Inc.,* 867 F.2d 1318, 1322 (11th Cir. 1989). This standard "requires, as a prerequisite to imposing liability, that the carrier have had actual or constructive notice of the risk-creating condition, at least where . . . the menace is one commonly encountered on land and not clearly linked to nautical adventure." *Id.*

2

Defendant asserts that Plaintiffs' count for negligence must be dismissed for failure to allege proximate causation. This failure is said to arise out of Plaintiffs' own allegations, which are that an "unidentified minor passenger pushed Anna Gittel, as the two collided, into the protruding, pointed edge of the passageway, opposite this passenger's cabin." DE 1 ¶ 21. This unidentified minor's push is said to be an intervening cause, negating any possibility of proximate causation between Anna's injury and any act or omission of Carnival.

At this motion to dismiss stage, the Court declines to take so formalistic a view. Accepting the facts in the Complaint as true, Plaintiffs have shown (1) a sharp, protruding edge (a risk-creating condition); (2) in a public passageway (permitting the inference that Carnival had actual or constructive notice thereof); (3) which Carnival failed to remedy or about which Carnival failed to warn; and (4) absent the presence of which Anna Gittel would not have suffered the injuries that she did. These allegations state a claim for relief under Count I. The fact that an unidentified minor may have caused or contributed to Anna's injuries does not foreclose the plausibility that Carnival's negligence also caused Anna's injuries. Carnival's motion is due to be denied as to Plaintiffs' Count I.

## Count II—Negligent Hiring/Retention

Carnival also moves to dismiss Plaintiffs' Count II for negligent hiring and retention, on the basis that it states only conclusory allegations.

> [A] plaintiff bringing a claim for negligent hiring or retention of an independent contractor must prove that "(1) the contractor was incompetent or unfit to perform the work; (2) the employer knew or reasonably should have known of the particular incompetence or unfitness; and (3) the incompetence or unfitness was a proximate cause of the plaintiffs injury."

3

*Smolnikar v. Royal Caribbean Cruises Ltd.*, 787 F. Supp. 2d 1308, 1318 (S.D. Fla. 2011) (quoting *Davies v. Commercial Metals Co.*, 46 So. 3d 71, 73–74 (Fla. 5th DCA 2010) and omitting citations). Plaintiffs allege that "the physician and additional medical personnel," in treating Anna Gittel, either did "not solely utilize non-absorbable sutures or fail[ed] to carry out the suturing process appropriately." DE 1, at ¶ 48. These allegations may permit an inference of incompetence or unfitness, and certainly permit an inference that the medical staff acted with negligence. However, the complaint contains only conclusory allegations as to Carnival's knowledge of any particular incompetence or unfitness. Plaintiffs allege that "Carnival was aware and/or should have been aware with due diligence of the lack of competence of this personnel and/or the failure of this personnel to be duly qualified to render medical care." *Id.* at ¶ 49. This is no more than a threadbare recital of the "knowledge" element of this cause of action. *See Iqbal* , 556 U.S. at 667–78. Plaintiffs provide no factual content sufficient to support it. Accordingly, Plaintiffs have failed to state a cause of action for negligent hiring or retention. Carnival's motion to dismiss must be granted as to Plaintiffs' Count II.

## Count III—Apparent Agency

In Count III, Plaintiffs seek to hold Carnival vicariously liable for negligence of the onboard medical personnel on a theory of apparent agency. In the Eleventh Circuit, "a passenger may sue a shipowner for medical negligence if he can properly plead and prove detrimental, justifiable reliance on the apparent agency of a ship's medical staff-member." *Franza v. Royal Caribbean Cruises, Ltd.*, 772 F.3d 1225, 1249 (11th Cir. 2014).

The parties disagree as to whether this Court may consider the Plaintiffs' passenger ticket contract for purposes of determining whether they justifiably relied on the apparent agency of Anna Gittel's treating medical personnel. Carnival insists that the ticket contract forecloses justifiable reliance, for it expressly states that the ship's medical personnel are independent contractors, whose actions Carnival does not control. Carnival asserts that because of the language in the ticket contract, "Plaintiffs' alleged belief that the ship's medical personnel were Carnival's agents **was unreasonable as a matter of law**." DE 13, at 12 (emphasis in original).

The trouble for Carnival is that it relies for this proposition on two opinions from the Southern District of Florida that have been abrogated by the Eleventh Circuit's *Franza* decision.[1] In *Franza*, the district court dismissed a cruise-ship passenger's negligence counts against onboard medical personnel, which counts were premised on theories of agency and apparent agency. The Eleventh Circuit reversed. In its discussion of the agency-based count, the court addressed the parties' disagreement over whether the passenger ticket contract is properly considered at the motion to dismiss stage. The Eleventh Circuit declined to consider the passenger ticket contract, and stated that "even if we were to look to the contract at this stage, we would not consider the nurse and doctor to be independent contractors simply because that is what the cruise line calls them." *Franza*, 772 F.3d at 1238. Rather, the

---

[1] Carnival's citation to these two cases for the proposition that Plaintiffs failed to state reliance "as a matter of law," with no mention of the *Franza* decision, is troubling to this Court. Carnival's Motion for Leave to file a Sur-Sur Reply (DE 27) is DENIED.

5

Eleventh Circuit concluded that under the doctrines of both actual and apparent agency, "vicarious liability turns on the facts presented." *Id.* at 1251–52.

This Court has already concluded that Plaintiffs' allegations of improper suturing techniques and Anna's resulting injuries constitute sufficient allegations of the medical staff's negligence. Plaintiffs further allege that "Carnival held [its medical personnel] out as agents of Carnival through the use of crewmember uniforms, the use of Carnival forms,[2] and the fact that Carnival provided living quarters and medical offices on board the ship to the medical staff." DE 1, at ¶ 54. Plaintiffs then take their allegations "one step further," as the *Franza* court recommended, by alleging that they would not have authorized the ship's medical personnel to treat Anna if they had known that they were not employees of Carnival. DE 1, at ¶ 57. Under the standards articulated in the *Franza* decision, this Court concludes that Plaintiffs have adequately stated a cause of action for Carnival's vicarious negligence of its medical personnel, on a theory of apparent agency.[3] Carnival's motion as to Plaintiffs' Count III must be denied.

**Count IV—Joint Venture**

The Eleventh Circuit, in *Fulcher's Point Pride Seafood, Inc. v. M/V Theodora Maria*, 935 F.2d 208, 211 n.3 (11th Cir. 1991), "conclude[d] that we need look no further than" the

---

[2] These were "medical forms bearing the Carnival logo." DE 1, at ¶ 56.

[3] The Court does not consider the ticket contract at this point, nor does it decide the appropriateness of doing so; for, as recognized in *Franza*, the Court would not conclude that the ship's medical personnel are independent contractors "simply because that is what the cruise line calls them."

former Fifth Circuit case of *Sasportes v. M/V SOL DE COPACABANA*, 581 F.2d 1204 (5th Cir. 1978), to discern the elements of a joint venture:

> The parties' intentions are important. Joint ventures involve joint control or the joint right of control, and joint proprietary interests in the subject matter of the venture. Both venturers share in the profits, and both have a duty to share in the losses. But of course these elements cannot be applied mechanically. No one aspect of the relationship is decisive.
>
> *Id.* (citations omitted). The factors listed by the *Sasportes* court are not a checklist. They are only signposts, likely indicia, but not prerequisites.

*Fulcher's Point Pride Seafood,* 935 F.2d at 211 (footnote omitted) (quoting *Sasportes*, 581 F.2d at 1208, and omitting citations). Accordingly, "[c]ontrary to Carnival's contention, under current general maritime law, the foregoing factors do not quite form a conjunctive test in which every element must be met." *Hung Kang Huang v. Carnival Corp.*, 909 F. Supp. 2d 1356, 1361 (S.D. Fla. 2012), *abrogated on other grounds by Franza*, 772 F.3d 1225.

Nevertheless, this Court concludes that Plaintiffs have failed to state a cause of action against Carnival based on a joint venture between it and its medical personnel. Plaintiffs allege the following:

> 27. Upon information and belief, Carnival and its medical personnel intended to create a joint venture by sharing a symbiotic relationship whereby Carnival provided the facilities, equipment, and patients for treatment, and the medical personnel provided its medical education, training, and experience in treating the presenting medical conditions of Carnival's passengers.
>
> 28. Upon information and belief, Carnival and its medical personnel would have each had the right to contractually control their respective aspects of the relationship by virtue of Carnival controlling all aspects relating to the number of shipboard passengers and the available facilities for treatment, whereas the medical personnel dictated the scope of medical services to be provided under the contract.

> 29. Such a joint venture could only, and did, function where both Carnival and the medical personnel had a proprietary interest in the services to be provided onboard to the passengers, and each party shared in the profits derived under the contract, as well as the losses.

DE 1, at ¶¶ 27–29. This Court concludes that, as in the *Huang* case, "all that Plaintiff pleads is a division of responsibilities," rather than joint proprietary interest and joint control. *Huang*, 909 F. Supp. 2d at 1362. Furthermore, Plaintiffs' allegations as to the sharing of profits and losses are stated as mere conclusions, and are therefore not entitled to the presumption of truth. Carnival's motion to dismiss must be granted as to Plaintiffs' count IV.

### The Individual Claims of Boris Gittel and Birgitta Gittel

Carnival argues, in somewhat summary fashion, that the individual claims of Boris and Birgitta Gittel must be dismissed for failure to state a claim. The Court disagrees. Plaintiffs allege that due to Anna's injuries they were significantly limited in the cruise activities in which they could participate (DE 1, at ¶ 32); and that they "have suffered and continue to suffer the expense of medical and nursing care and treatment, as well as the pecuniary loss as it relates to the expense of the cruise that was ruined due to the events" alleged in the Complaint (DE 1, at ¶ 44).

These allegations articulate specific pecuniary losses by Boris and Birgitta Gittel individually, plausibly arising out of the alleged incidents at the heart of this case. Taking Plaintiffs' allegations as true, they are sufficient to state a claim upon which relief can be granted. Carnival's motion to dismiss must be denied as to the individual claims of Boris and Birgitta Gittel.

Therefore, it is **ORDERED, ADJUDGED, and DECREED**:

1. Defendant Carnival Corporation's Motion for Leave to file a Sur-Sur Reply **(DE 27)** be, and the same is, hereby **DENIED**.

2. Carnival's Motion to Dismiss **(DE 13)** be, and the same is, hereby **GRANTED in part and DENIED in part**.

   a. The motion is granted as to Counts II and IV of Plaintiffs' Complaint, which are hereby **DISMISSED without prejudice**.

   b. The motion is denied as to Counts I and III of Plaintiffs' Complaint, and as to the individual claims of Boris and Birgitta Gittel.

3. Plaintiffs are hereby granted leave to file an amended complaint within 15 days of the date of this Order.

**DONE and ORDERED** in Chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida, this _11_ day of June, 2015.

/s/ James Lawrence King
JAMES LAWRENCE KING
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

cc:   All Counsel of Record